ZAM&PAR: 2018R00372

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2019 JUN 11 PM 12: 16

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. GJH-18-335 |
| | * | |
| DEMAR A. BROWN, | * | (Conspiracy, 18 U.S.C. § 371; Interstate Transportation of Stolen Property, 18 U.S.C. § 2314 (First Paragraph); Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. § 981) |
| JASHON C. FIELDS, and | * | |
| KAMAR O. BECKLES, | * | |
| Defendants. | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy)

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times material to this Indictment:

**The Defendants**

1. Defendant **DEMAR A. BROWN**, born February 1984, was a resident of Winston-Salem, North Carolina.

2. Defendant **JASHON C. FIELDS**, born July 1984, was a resident of Atlanta, Georgia.

3. Defendant **KAMAR O. BECKLES**, born December 1985, was a resident of Teaneck, New Jersey.

**The Charge**

4. Beginning at a time unknown to the Grand Jury, but no later than on or about November 29, 2017, and continuing through on or about January 26, 2018 in the District of Maryland, the Middle District of North Carolina, and elsewhere, the defendants,

**DEMAR A. BROWN,
JASHON C. FIELDS, and
KAMAR O. BECKLES,**

did knowingly and willfully conspire and agree together with one another and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to transport, transmit, and transfer in interstate and foreign commerce any goods, wares, merchandise, securities and money, of the value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud, in violation of 18 U.S.C. § 2314 (first paragraph).

**Object of the Conspiracy**

5. It was the object of the conspiracy to unlawfully break and enter into residences and steal goods, wares, merchandise, securities and money, and transport the stolen property in interstate commerce for the financial benefit of the conspirators.

**Manner and Means of the Conspiracy**

6. It was part of the conspiracy that defendants **BROWN**, **FIELDS**, and **BECKLES**, would unlawfully break and enter into residences and steal property, including United States and foreign currency, coins, safes, wedding rings and other jewelry, designer purses and bags, watches, personal electronics, designer clothing, accessories, collectibles, passports, and personal papers.

7. It was further part of the conspiracy that defendants **BROWN**, **FIELDS**, and **BECKLES**, would wear gloves and masks during the burglaries, would use force, rocks and other materials to break the doors and windows of victim residences, and would cover and disable surveillance cameras and security systems.

8. It was further part of the conspiracy that one of the conspirators would frequently remain in a getaway vehicle, while the other conspirators committed burglaries.

9. It was further part of the conspiracy that defendants **BROWN**, **FIELDS**, and **BECKLES**, would communicate with each other during burglaries using two-way radio devices and mobile phones.

10. It was further part of the conspiracy that defendants **BROWN**, **FIELDS**, and **BECKLES**, would rent hotel rooms in Maryland where they would store the proceeds of the burglaries they committed.

11. It was further part of the conspiracy that defendants **BROWN** and **BECKLES** would transport the stolen property outside of the state of Maryland, including to residences to which **BROWN** had access in Winston-Salem, North Carolina.

### Overt Acts

12. In furtherance of the conspiracy, and to effect the objects thereof, the defendants and others known and unknown to the Grand Jury committed the following overt acts in the District of Maryland, the Middle District of North Carolina, and elsewhere:

   a. On or about November 29, 2017, **BROWN** and **BECKLES** unlawfully broke and entered into RESIDENCE 1, in Cockeysville, Maryland, and stole more than $5,000 worth of property, including United States and foreign currency, coins, a safe, jewelry, designer purses and bags, watches, personal electronics, designer clothing, accessories, collectibles, passports, and personal papers. Some of the stolen property was later transported to, and stored at, residences to which **BROWN** had access in Winston-Salem, North Carolina.

   b. On or about December 18, 2017, **BROWN** and **BECKLES** unlawfully broke and entered into RESIDENCE 2 and RESIDENCE 3, in Sparks and Cockeysville, Maryland. They stole more than $5,000 worth of property from RESIDENCE 2, including jewelry, designer sunglasses, and a designer purse.

    c.    On or about December 28, 2017, **BROWN** and **BECKLES** unlawfully broke and entered into RESIDENCE 4, in Pikesville, Maryland, and stole more than $5,000 worth of property, including United States currency, a safe, jewelry, watches, passports, and personal papers. Some of the stolen property was later transported to, and stored at, residences to which **BROWN** had access in Winston-Salem, North Carolina.

    d.    On or about December 29, 2017, **BROWN** and **BECKLES** unlawfully broke and entered into RESIDENCE 5, in Lutherville, Maryland, and stole more than $5,000 worth of property, including wedding rings and other jewelry. Some of the stolen property was later transported to, and stored at, a hotel room in Towson, Maryland, rented and used by the conspirators.

    e.    On or about January 9, 2018, **BROWN** and **BECKLES** unlawfully broke and entered into RESIDENCE 6, RESIDENCE 7, and RESIDENCE 8, in Cockeysville, Maryland. They stole property from RESIDENCE 8, including a safe, jewelry, watches, designer handbags, collectible coins, and personal papers. Some of the stolen property was later transported to, and stored at, residences to which **BROWN** had access in Winston-Salem, North Carolina.

    f.    On or about January 10, 2018, **BROWN** and **BECKLES** unlawfully broke and entered into RESIDENCE 9, RESIDENCE 10, and RESIDENCE 11, in Lutherville and Reisterstown, Maryland. They stole property from RESIDENCE 9, including jewelry and designer bags that was later transported to, and stored at, a hotel room in Towson, Maryland, rented and used by the conspirators. They stole more than $5,000 worth of property from RESIDENCE 10, including designer watches.

    g.    On or about January 19, 2018, **BROWN** and **BECKLES** unlawfully broke and entered into RESIDENCE 12, RESIDENCE 13, RESIDENCE 14, and RESIDENCE 15, in Lutherville and Towson, Maryland.

    h.    On or about January 24, 2018, **BROWN** and **BECKLES** unlawfully broke

and entered into RESIDENCE 19, RESIDENCE 20, and RESIDENCE 21, in Milton, Georgia, and stole property from RESIDENCE 19 and RESIDENCE 20, including jewelry and approximately $2,500 in loose change, property that was later transported to, and stored in Maryland, at a hotel room in Towson, Maryland, rented and used by the conspirators, and in a dark green 2003 Ford Explorer with North Carolina plates used by the conspirators.

i. Between on or about January 23 and January 26, 2018, **BROWN**, **FIELDS**, and **BECKLES** unlawfully broke and entered into RESIDENCE 16, in Cockeysville, Maryland, and stole more than $5,000 worth of property including United States currency, wedding rings and other jewelry, safes, collectibles, rare coins, designer bags, passports, and personal documents, that was later transported to, and stored at, a hotel room in Towson, Maryland, rented and used by the conspirators.

j. On or about January 26, 2018, **BROWN**, **FIELDS**, and **BECKLES** unlawfully broke and entered into RESIDENCE 17 and RESIDENCE 18 in Phoenix, Maryland, and stole property from RESIDENCE 17 and RESIDENCE 18, including jewelry and designer bags that was later stored in a dark green 2003 Ford Explorer with North Carolina plates used by the conspirators.

k. On or about January 26, 2018, in Phoenix, Maryland, **BROWN**, **FIELDS**, and **BECKLES** possessed stolen property, United States currency masks, gloves, flashlights, a reciprocating saw, an electric drill, chisels, a mallet, mobile phones, and two-way radios.

18 U.S.C. § 371

## COUNTS TWO THROUGH FOUR
### (Interstate Transportation of Stolen Property)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of Paragraphs 1 through 3 and 5 through 12 of Count One are incorporated here by reference.

2. Beginning on or about the dates below, each being a different count, and continuing through on or about January 30, 2018, in the District of Maryland, the Middle District of North Carolina, and elsewhere, the defendants,

**DEMAR A. BROWN and
KAMAR O. BECKLES,**

transported, transmitted, and transferred in interstate and foreign commerce goods, wares, merchandise, securities and money, of a value exceeding $5,000 or more, knowing the same to have been stolen, converted and taken by fraud; to wit, the defendants stole property from the residences listed below and transported it to North Carolina:

| COUNT | DATE | STOLEN FROM |
|---|---|---|
| Two | November 29, 2017 | RESIDENCE 1, Cockeysville, Maryland |
| Three | December 28, 2017 | RESIDENCE 4, Pikesville, Maryland |
| Four | January 9, 2018 | RESIDENCE 8, Cockeysville, Maryland |

18 U.S.C. § 2314 (First Paragraph)
18 U.S.C. § 2

## **FORFEITURE**

1. The allegations contained in Counts One through Four are realleged and incorporated here for the purpose of alleging forfeiture.

2. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.§ 2461(c), in the event of the defendants' convictions under Counts One through Four of the Indictment.

3. As a result of the offenses charged in Counts One through Four, the defendants,

**DEMAR A. BROWN,
JASHON C. FIELDS, and
KAMAR O. BECKLES,**

shall forfeit to the United States any and all property constituting, or derived from proceeds obtained directly or indirectly as a result of such violations, and all interest and proceeds traceable thereto.

## **SUBSTITUTE ASSETS**

4. If any of the property described in this indictment as being subject to forfeiture, as a result of any act or omission of the defendant,

   a. cannot be located upon the exercise of diligence;
   b. has been transferred, or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461, to seek forfeiture of any other property of the defendants up to the value subject to forfeiture.

18 U.S.C. § 981
18 U.S.C. § 982
21 U.S.C. § 853
28 U.S.C. § 2461

_Robert K. Hur_ (signature)

Robert K. Hur
United States Attorney

A TRUE BILL
**SIGNATURE REDACTED**
Foreperson

Date: 6·11·19