PAR&CMR: 2018R00372

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
2021 APR 29 PM 5:26
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. GJH-18-335 |
| v. | * | |
| | * | (Conspiracy, 18 U.S.C. § 371; Interstate |
| DEMAR A. BROWN, | * | Transportation of Stolen Property, |
| JASHON C. FIELDS, and | * | 18 U.S.C. § 2314 (First Paragraph); |
| KAMAR O. BECKLES, | * | Aiding and Abetting, 18 U.S.C. § 2; |
| | * | Forfeiture, 18 U.S.C. § 981, 21 U.S.C. § |
| Defendants. | * | 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times material to this Second Superseding Indictment:

### The Defendants

1. Defendant **DEMAR A. BROWN**, born February 1984, was a resident of Paterson, New Jersey and Winston-Salem, North Carolina.

2. Defendant **JASHON C. FIELDS**, born July 1984, was a resident of Atlanta, Georgia.

3. Defendant **KAMAR O. BECKLES**, born December 1985, was a resident of Teaneck, New Jersey.

1

## The Charge

4. Beginning at a time unknown to the Grand Jury, but no later than on or about November 29, 2017, and continuing through on or about January 26, 2018 in the District of Maryland, the Middle District of North Carolina, and elsewhere, the defendants,

**DEMAR A. BROWN,
JASHON C. FIELDS, and
KAMAR O. BECKLES,**

did knowingly and willfully conspire and agree together with one another and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to transport, transmit, and transfer in interstate and foreign commerce any goods, wares, merchandise, securities and money, of the value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud, in violation of 18 U.S.C. § 2314 (first paragraph).

## Object of the Conspiracy

5. It was the object of the conspiracy to unlawfully break and enter into residences and steal goods, wares, merchandise, securities and money, and transport the stolen property in interstate commerce for the financial benefit of the conspirators.

## Manner and Means of the Conspiracy

6. It was part of the conspiracy that defendants **BROWN**, **FIELDS**, and **BECKLES** would unlawfully break and enter into residences and steal property, including United States and foreign currency, coins, safes, rings and other jewelry, designer purses and bags, watches, personal electronics, designer clothing, accessories, collectibles, passports, and personal papers.

7. It was further part of the conspiracy that defendants **BROWN**, **FIELDS**, and **BECKLES** would wear gloves and masks during the burglaries, would use force, rocks and other materials to break the doors and windows of victim residences, and would attempt to disable surveillance cameras and security systems.

8. It was further part of the conspiracy that one of the conspirators would frequently remain in a getaway vehicle, while the other conspirators committed burglaries.

9. It was further part of the conspiracy that defendants **BROWN**, **FIELDS**, and **BECKLES** would communicate with each other during burglaries using two-way radio devices and mobile phones.

10. It was further part of the conspiracy that defendants **BROWN**, **FIELDS**, and **BECKLES** would rent hotel rooms in Maryland where they would store the proceeds of the burglaries they committed.

11. It was further part of the conspiracy that defendants **BROWN** and **BECKLES** would transport the stolen property outside of the state of Maryland, including to residences to which **BROWN** had access in Winston-Salem, North Carolina.

## Overt Acts

12. In furtherance of the conspiracy, and to effect the objects thereof, the defendants and others known and unknown to the Grand Jury committed the following overt acts in the District of Maryland, the Middle District of North Carolina, and elsewhere:

    a. On or about November 29, 2017, **BROWN** unlawfully broke and entered into RESIDENCE 1, located on Weil Mandel Way in Cockeysville, Maryland, and stole more than $5,000 worth of property, including United States and foreign currency, coins, a safe, jewelry, designer purses and bags, watches, personal electronics, designer clothing, accessories, collectibles, passports, and personal papers. Some of the stolen property was later transported to, and stored at, residences to which **BROWN** had access in Winston-Salem, North Carolina.

    b. On or about December 18, 2017, **BECKLES** unlawfully broke and entered into RESIDENCE 2, located on Ventry Farm Court in Sparks, Maryland. He stole more than $5,000 worth of property from RESIDENCE 2, including jewelry, designer sunglasses, and a purse and fled with the stolen property in a vehicle driven by **BROWN**.

c. On or about December 28, 2017, **BROWN** and **BECKLES** unlawfully broke and entered into RESIDENCE 3, located on Shuger Hill Road in Pikesville, Maryland, and stole more than $5,000 worth of property, including United States currency, a safe, jewelry, watches, passports, and personal papers and fled with the stolen property in a vehicle driven by **BROWN**. Some of the stolen property was later transported to, and stored at, residences to which **BROWN** had access in Winston-Salem, North Carolina.

d. On or about December 29, 2017, **BECKLES** unlawfully broke and entered into RESIDENCE 4, located on Surgarvale Way in Lutherville, Maryland, and stole more than $5,000 worth of property, including jewelry, and fled with the stolen property in a vehicle driven by **BROWN**. Some of the stolen property was later transported to, and stored at, a hotel room in Towson, Maryland, rented and used by the conspirators.

e. On or about January 9, 2018, **BECKLES** unlawfully broke and entered into RESIDENCE 5 and RESIDENCE 6, each located on Gardiner Road in Cockeysville, Maryland and fled the area of the residences in a vehicle driven by **BROWN**.

f. On or about January 9, 2018, **BECKLES** unlawfully broke and entered into RESIDENCE 7, located on Ridge Farm Court in Cockeysville, Maryland, and stole property from RESIDENCE 7, including a safe, jewelry, watches, designer handbags, collectible coins, and personal papers, and fled with the stolen property in a vehicle driven by **BROWN**. Some of the stolen property was later transported to, and stored at, residences to which **BROWN** had access in Winston-Salem, North Carolina.

g. On or about January 10, 2018, **BECKLES** unlawfully broke and entered into RESIDENCE 8, located on Broadway Road in Lutherville, Maryland, and stole property from RESIDENCE 8, including jewelry, and fled with the stolen property in a vehicle driven by **BROWN**. The stolen property from RESIDENCE 8 was later transported to, and stored at, a hotel room in Towson, Maryland, rented and used by the conspirators.

h. On or about January 10, 2018, **BECKLES** unlawfully broke and entered into RESIDENCE 9 and RESIDENCE 10, both located on Dover Road in Reisterstown, Maryland. **BECKLES** stole more than $5,000 worth of property from RESIDENCE 9, including designer watches, and fled with the stolen property in a vehicle driven by **BROWN**.

i. On or about January 19, 2018, **BECKLES** unlawfully broke and entered into RESIDENCE 11, located on Hillspoint Court in Lutherville, Maryland; RESIDENCE 12, located on Ruxton Green Court in Towson, Maryland; RESIDENCE 13, located on Timonium Road in Lutherville, Maryland; and RESIDENCE 14, located on Circle Road in Towson, Maryland and fled the area of each residence in a vehicle driven by **BROWN**.

j. On or about January 24, 2018, **BECKLES** unlawfully broke and entered into RESIDENCE 15 and RESIDENCE 16, both located on White Columns Drive in Milton, Georgia, and stole property from the residences, including jewelry and approximately $2,500 in loose change, fled with the stolen property in a vehicle driven by **BROWN**, and the property was later transported to, and stored in Maryland, at a hotel room in Towson, Maryland, rented and used by the conspirators, and in a dark green 2003 Ford Explorer with North Carolina plates used by the conspirators and driven by **BROWN**.

k. On or about January 24, 2018, **BECKLES** and **BROWN** unlawfully broke and entered into RESIDENCE 17, located on Creek Road in Milton, Georgia and fled the area of the residence in a vehicle driven by **BROWN**.

l. On or about January 25, 2018, **FIELDS**, and **BECKLES** unlawfully broke and entered into RESIDENCE 18, located on Jerome Jay Drive in Cockeysville, Maryland, and stole more than $5,000 worth of property including United States currency, rings, necklaces, and other jewelry, collectibles, foreign coins, and personal documents, fled with the stolen property in a vehicle driven by **BROWN**, and transported the stolen property to a hotel room in Towson, Maryland, rented and used by the conspirators.

      m.  On or about January 26, 2018, **FIELDS** and **BECKLES** unlawfully broke and entered into RESIDENCE 19, located on Blenheim Road in Phoenix, Maryland, and RESIDENCE 20, located on Blenmont Court in Phoenix, Maryland, and stole property from RESIDENCE 19 and RESIDENCE 20, including jewelry and watches, that was later stored in a dark green 2003 Ford Explorer with North Carolina plates used by the conspirators and driven by **BROWN**.

      n.  On or about January 26, 2018, in Phoenix, Maryland, **BROWN**, **FIELDS**, and **BECKLES** possessed stolen property, United States currency, masks, gloves, flashlights, a reciprocating saw, a crowbar, an electric drill, chisels, a mallet, mobile phones, and two-way radios.

18 U.S.C. § 371

## COUNTS TWO THROUGH FOUR
### (Interstate Transportation of Stolen Property)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here by reference.

2. Beginning on or about the dates below, each being a different count, and continuing through on or about January 30, 2018, in the District of Maryland, the Middle District of North Carolina, and elsewhere, the defendants,

**DEMAR A. BROWN and**
**KAMAR O. BECKLES,**

transported, transmitted, and transferred in interstate and foreign commerce goods, wares, merchandise, securities and money, of a value exceeding $5,000 or more, knowing the same to have been stolen, converted and taken by fraud; to wit, the defendants stole property from the residences listed below and transported it outside of the District of Maryland:

| COUNT | DATE | STOLEN FROM |
|---|---|---|
| Two | November 29, 2017 | RESIDENCE 1, located on Weil Mandel Way in Cockeysville, Maryland |
| Three | December 28, 2017 | RESIDENCE 3, located on Shuger Hill Road in Pikesville, Maryland |
| Four | January 9, 2018 | RESIDENCE 7, located on Ridge Farm Court in Cockeysville, Maryland |

18 U.S.C. § 2314 (First Paragraph)
18 U.S.C. § 2

## COUNT FIVE
### (Attempted Interstate Transportation of Stolen Property)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here by reference.

2. On or about the date listed below, in the District of Maryland, and elsewhere, the defendants,

**DEMAR A. BROWN,**
**JASHON C. FIELDS, and**
**KAMAR O. BECKLES,**

attempted to transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, securities and money, of a value exceeding $5,000 or more, knowing the same to have been stolen, converted and taken by fraud; to wit, the defendants stole property from the residence listed below with the intent to transport it outside the District of Maryland:

| COUNT | DATE | STOLEN FROM |
|---|---|---|
| Five | January 25, 2018 | RESIDENCE 18, located on Jerome Jay Drive in Cockeysville, Maryland |

18 U.S.C. § 2314 (First Paragraph)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C.§ 2461(c), in the event of a defendant's conviction under any of the offenses charged in Counts One through Five of the Second Superseding Indictment.

2. Upon conviction of any of the offenses charged in Counts One through Five, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants,

**DEMAR A. BROWN,**
**JASHON C. FIELDS, and**
**KAMAR O. BECKLES,**

shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

### Substitute Assets

3. If any of the property described in this Second Superseding Indictment as being subject to forfeiture, as a result of any act or omission of the defendant,

   a. cannot be located upon the exercise of diligence;
   b. has been transferred, or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Jonathan F. Lenzner/par*
Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL

_____
Foreperson

Date: _____